## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO.  11-02466 |
| | Chapter  11 |
| DAVID EFRON | |
| | |
| Debtor(s) | **FILED & ENTERED ON SEPTEMBER 16, 2013** |

### OPINION & ORDER

Before the Court is Debtor's Motion Requesting Stay Pending Appeal pursuant to Fed.R.Bankr.P. 8005 filed on July 18, 2013 [Dkt. No. 565], and Creditor's Opposition to the Motion Requesting Stay Pending Appeal filed on July 30, 2013 [Dkt. No. 578]; Creditor's Motion Requesting this Court to Reconsider its July 29, 2013 Order [Dkt. No. 577], and Debtor's Opposition to Creditor's Motion for Reconsideration and to Inform [Dkt. No. 582]. For the reasons stated herein, the Debtor's Motion Requesting Stay Pending Appeal is hereby DENIED.

Fed.R.Bankr.P., Rule 8005 provides in relevant part as follows:

A motion for a stay of the judgment, order, or decree of a bankruptcy judge, for approval of a supersedeas bond, or for other relief pending appeal must ordinarily be presented to the bankruptcy judge in the first instance. Notwithstanding Rule 7062 but subject to the power of the district court and the bankruptcy appellate panel reserved hereinafter, the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest.

The standards for granting stays pending appeal in the bankruptcy context are well established. A court has substantial discretion under Rule 8005 to grant (or deny) a stay pending appeal on such terms as it may deem appropriate, subject to an abuse of discretion standard of review. In re Target Graphics, Inc., 372 B.R. 866 (E.D.Tenn. 2007). The motion for a stay pending appeal follows the same standard as any motion for stay, which is in the nature of a preliminary injunction and will only be granted upon a showing that: (1) the petitioner is likely to prevail on the merits of its appeal;( 2)

that without a stay, the petitioner will suffer irreparable injury; (3) that other interested parties will suffer no substantial harm; and (4) that the public interest will not be harmed by the granting of the stay. 6 Lawrence P. King, Collier Bankruptcy Practice Guide, ¶ 117.11[2] at page 117-36 (Matthew Bender 2005). If a party fails to satisfy any one of the four requirements for a stay pending appeal, then the court will be acting within its discretion to deny the stay. In re Dakota Rail, Inc., 111 B.R. 818, 820 (Bankr.D.Minn.1990).

"The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." Esso Standard Oil Co. v. Monroig Zayas, 445 F3d. 13 (1st Cir. 2006) citing New Comm Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002); Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 15 (1st Cir. 1996); Weaver v. Henderson, 984 F.2d 11, 12 (1st Cir. 1993). "[W]hat matters ... is not the raw amount of irreparable harm [a] party might conceivably suffer, but rather the risk of such harm in light of the party's chance of success on the merits." Puerto Rico Hospital Supply, Inc. v. Boston Scientific Corp., 426 F.3d 503, 507 n.1 (1st Cir. 2005).

Debtor addresses all four factors in his Motion but misconstrues the basis of the actions taken by the court. Debtor contends that he is likely to prevail on the merits of its appeal because this Court erred in its previous determination of "domestic support obligations" by mirroring previous arguments already considered by this Court. Debtor also contends that without a stay, he will suffer irreparable injury because Creditor, Madeleine Candelario ("Candelario"), will not return any extra funds received to the bankruptcy estate. This argument is prospective and not backed by any concrete

2

evidence that Candelario will not be able to repay the extra funds received. Debtor further argues that the other interested parties including Candelario will suffer no substantial harm because granting a stay will maintain status quo and cannot put Candelario in a worse position than she is at now. Lastly, Debtor argues that the public interest will not be harmed by this Court's granting of the stay because no adverse public interest would be done.

After considering arguments from both parties, this Court finds that a stay is not warranted in this instant case. "A stay is not a matter of right, even if irreparable injury might otherwise result." Virginian R. Co. v. United States, 272 U.S. 658, 672 (1926). Instead, the first two factors are the most critical. Nken v. Holder, 556 U.S. 418, 129 S.Ct. 1749, 1761 (2009). "It is not enough that the chance of success on the merits be better than negligible.... [S]imply showing some possibility of irreparable injury ... fails to satisfy the second factor." Id. (citations and internal quotations omitted). Once an applicant satisfies the first two factors, then the court assesses the harm to the opposing party and weighs the public interest. Id., 129 S.Ct. at 1762. In Debtor's Motion for Stay Pending Appeal, Debtor does not state any grounds with particularity upon which the requested relief is based. Furthermore, Debtor does not argue the specific basis upon which BAP will conclude reversal is appropriate. Rather, the Motion states what will occur if the stay is not issued, and expresses strongly that the court's determination of the "domestic support obligation" is wrong. As to irreparable harm, this Court has stated that a stay pending appeal cannot be granted merely because the losing party may suffer an adverse consequence. Furthermore, mere economic losses do not represent irreparable injuries. As the Ninth Circuit explained:

> Supreme Court case law and some of our own cases clarify that economic damages are not traditionally considered irreparable because the injury can later be remedied by a damage

3

award. See Sampson v. Murray, 415 U.S. 61, 90, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974) ("[I]t seems clear that the temporary loss of income, ultimately to be recovered, does not usually constitute. irreparable injury.... The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." (internal quotation omitted)); Rent–A–Center, Inc. v. Canyon Television & Appliance Rental, Inc., 944 F.2d 597, 603 ("It is true that economic injury alone does not support a finding of irreparable harm, because such injury can be remedied by a damage award." (emphasis added)); Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 676 (9th Cir.1988); Arcamuzi v. Cont'l Air Lines, Inc., 819 F.2d 935, 938 (9th Cir.1987); Colo. River Indian Tribes v. Town of Parker, 776 F.2d 846, 850–51 (9th Cir.1985); Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 471 (9th Cir.1984) ("Mere financial injury ... will not constitute irreparable harm if adequate compensatory relief will be available in the course of litigation."

Cal. Pharmacists Ass'n v. Maxwell–Jolly, 563 F.3d 847, 851–852 (9th Cir.2009).

Debtor's alleged economic loss can be remedied through a monetary damage award if he prevails on appeal. This Court will not address the last two factors more than what it has stated above as Debtor presented no arguments meriting further consideration beyond the first two factors of this four-factor inquiry. Because this Opinion and Order sufficiently resolves the matter at issue raised in Candelario's Motion requesting this Court to reconsider its July 29, 2013 Order [Dkt. No. 577], such Motion is DENIED as MOOT.

WHEREFORE, IT IS ORDERED that Debtor's Motion Requesting Stay Pending Appeal be, and it hereby is, DENIED.

SO ORDERED

San Juan, Puerto Rico, this 16th day of September, 2013.

Brian K. Tester
U.S. Bankruptcy Judge

4