**IN THE UNITED STATES BANKRUPTCY COURT FOR**

**THE DISTRICT OF PUERTO RICO**

IN RE:

**DAVID EFRON**

Debtor

**CASE NO. 11-2466 (MCF)**

**CHAPTER 11**

## Opinion and Order

Before the Court is Debtor's Motion for Stay Pending Appeal pursuant to Fed. R. Bankr. P. 8005 (Docket No. 822) and creditor Madeline Candelario's (hereafter "Candelario") Opposition (Docket No. 830). For the reasons stated herein, the Motion for Stay pending appeal is DENIED.

On April 17, 2014, the Court entered an opinion and order abstaining from hearing this case and subsequently dismissing it under 11 U.S.C. § 305(a)(1).[1] Alternatively, the Court dismissed the case pursuant to 11 U.S.C. § 1112(b)(4)(E) and (P) for Debtor's failure to comply with court orders and make post-petition domestic support obligations ("DSO") payments (Docket No. 810). Debtor filed a notice of appeal and requested that the Court's opinion and order be stayed until the resolution of such appeal (Docket No. 814). Despite the fact that Candelario filed a cross appeal, she opposes the stay pending appeal (Docket No. 830).

---

1. Unless otherwise indicated, all statutory references are to title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8 (the "Bankruptcy Code").

1

A court has substantial discretion under Fed. R. Bankr. P. 8005 to grant or deny a stay pending appeal on such terms as it may deem appropriate, subject to an abuse of discretion standard of review. In re Target Graphics, Inc., 372 B.R. 866 (E.D.Tenn. 2007). In deciding whether a stay is warranted, a court must consider: "(1) whether the appellant has established a strong showing of likelihood of success on the merits; (2) whether the appellant will be irreparably harmed if the stay is denied; (3) whether a stay will injure the other party; and (4) where the impact on the public interest lies." Elias v. Sumski (In re Elias), 182 F. App'x 3, 4 (1st Cir. 2006) (citing Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13, 16 (1st Cir. 2002). The movant bears the "heavy" burden of satisfying each of the four factors. In re GMC, 409 B.R. 24 (Bankr. S.D.N.Y. 2009). If a party fails to satisfy any one of the four requirements for a stay pending appeal, then the court will be acting within its discretion to deny the stay. In re Dakota Rail, Inc., 111 B.R. 818, 820 (Bankr.D.Minn. 1990). Nonetheless, as expressed by the U.S. District Court of for the District of Puerto Rico in a case requesting a stay pending appeal involving the same parties involved in this case:

> the first two factors "are the most critical." Nken v. Holder, 556 U.S. 418, 434 (2009). Because both of these factors "require a showing of more than mere possibility," the movants "must show a strong likelihood of success, and they must demonstrate that irreparable injury will be likely absent . . . [a stay]." Respect Maine PAC v. McKee, 622 F.3d 13, 15 (1st Cir. 2010).

Candelario-Del Moral v. UBS Fin. Servs., 290 F.R.D. 336, 345 (D.P.R. 2013).

### A. Likelihood of Success on the Merits

Debtor tries to convince the Court that he has a likelihood of success by repeating the same arguments that lead to the case being dismissed. Debtor specifically argues that he does not owe any monies to Candelario, that the Court erred in its previous determination of DSO because it lacked jurisdiction to interpret a state court ruling and the order was issued without notice and a hearing.

Candelario alleges that Debtor has a slim chance of success on the merits since the support payments were ordered by the state court to "maintain herself." She also alleges that the analysis and determination of DSO payments should be based on federal bankruptcy law, not state law as represented by Debtor. She contends that there was no need for a hearing to determine her DSO needs and Debtor did not request a hearing until his first appeal of the DSO order. Candelario adds that Debtor does not address his non-compliance with bankruptcy court orders.

Debtor's allegations are limited to the DSO order made by the court and its ramifications. He does not address any of the other matters raised by the court in support of abstention and dismissal. For instance, the issue of the case being a two party dispute and the endless state court litigations that prevent his bankruptcy case from moving forward are not addressed. Even if the DSO determination were to be reversed, the other factors that lead to abstention and dismissal would subsist without being refuted. Additionally, Debtor has not explained why he chose not to obey court orders after numerous opportunities were granted by the Court. In sum, Debtor has not complied with his burden of demonstrating a strong likelihood of success.

**B. Appellant's Irreparable Harm**

Debtor alleges that he will suffer irreparable harm if a stay is not implemented pending appeal because it will cause a run to the courthouse by creditors looking for attachments and executions of court orders, which will impede Debtor's reorganization efforts and orderly disposition of assets. Debtor also contends that some objections to claims which have been granted and others that have not been resolved by the court will be reinstated if the stay pending appeal is not granted.

Candelario states that Debtor's allegations that creditors will run to the courthouse to attach property and execute judgments is unsupported and speculative. Furthermore, she adds that economic injury suffered by the Debtor, if any, does not constitute irreparable harm.

3

Debtor's argument that the dismissal will open the flood gates to new attachments and executions of court orders is speculative and contrary to his previous position. As stated in the Court's opinion and order, Debtor admitted that agreements reached with creditors would not be affected if the case was dismissed (Docket No. 742, at 11). Moreover, as expressed on previous occasions, economic damages are not usually considered irreparable harm. (Docket No. 618, at 3). Debtor argues that he does not owe any monies, including DSO to Candelario. If that is the case, there is a state court proceeding where he can validate this argument and recover any overpayment made to her. Having an open forum where this matter can be properly addressed, Debtor's economic injuries, if any, are not irreparable. Consequently, Debtor has not shown that it will suffer irreparable harm if the stay is not granted.

**C. Harm to Other Parties**

Debtor avers that no party will be harmed if the dismissal of the case is stayed because creditors will receive a one hundred percent distribution of their allowable claims, including Candelario. Candelario disagrees, alleging that any stay would gravely harm her by preventing the collection of DSO payments needed to support herself.

Although Debtor states that all creditors will be paid 100% of their claims, he fails to acknowledge that creditors have been waiting for almost three years without payment for their claims. He also fails to address the issue of having a confirmable plan and that his proposed alternate plans fail to contemplate payment of Candelario's post-petition DSO claim. Simply put, creditors are being harmed due to a two party dispute which has delayed their collections or payments for almost three years. A continuation of this delay would continue to cause harm to creditors. Candelario has also endured the totality of the bankruptcy case without receiving payment of post-petition DSO. The stay of the dismissal would undoubtedly extend such harm until the resolution of the appeal. "Delay caused to creditors receiving their payment is also a significant harm warranting denial of a stay." In re Public Serv. Co., 116 B.R. 347, 350 (Bankr. D.N.H. 1990).

4

### D. Impact on Public Interest

Debtor claims that the public policy behind bankruptcy is equality of distribution among creditors and promoting a successful reorganization. Candelario contends that Congress determined that payment of family obligations are of "paramount societal importance" and for such reason when the Bankruptcy Code was amended in 2005 the alimony, support and maintenance exception to discharge was expanded. Candelario also alleges that public interest is served by avoiding delays, resolving disputes and productive use of limited judicial resources.

Bankruptcy relief is offered to those who qualify and comply with the requirements of the Bankruptcy Code. A debtor in bankruptcy cannot reap the benefits of bankruptcy without assuming its responsibilities and complying with statutory requirements. The 2005 amendments to the Bankruptcy Code included as public policy, payment of post-petition DSO as a necessary requirement for individual debtors to enjoy bankruptcy protection. Law Offices of Miriam G. Altman, P.C. v. Johnson (In re Johnson), 445 B.R. 50, 59-60 (Bankr. D. Mass. 2011). See also 11 U.S.C. 1112(b)(4)(P) (establishing failure to pay DSO as cause for dismissal of a Chapter 11 bankruptcy case). Debtor would have us believe that debtors should be allowed a "fresh start" no matter what. In reality, only those who comply with the rules of the game are the ones allowed to play. DSO debts are non-dischargeable[2] and DSO obligations must be current upon confirmation.[3] Therefore, it is impossible to obtain a "fresh start" unless a debtor complies with DSO payments.

In conclusion, Debtor has failed all four factors required to obtain a stay pending appeal by not meeting the burden he had to show that he has more than a mere probability of success on the merits, that he will suffer an irreparable harm, that creditors would not be harmed and that public

---

2. Section 523(a)(5) of the Bankruptcy Code states that "[a] discharge under section 1141 of this title does not discharge an individual debtor from any debt for domestic support obligation." 11 U.S.C. § 523(a)(5).

3. Section 1129(a)(14) of the Bankruptcy Code provides:

> the court shall confirm a plan only if all of the following requirements are met… (14) If the Debtor is required by judicial or administrative order or by statute to pay a domestic support obligation, the debtor has paid all amounts payable under such order or such statute for such obligation that first becomes payable after the date of the filing of the petition.

11 U.S.C. § 1129(a)(14).

5

policy is on his side. Therefore, the Court denies Debtor's request for a stay pending appeal of the opinion and order filed on Docket No. 810.

SO ORDERED.

In San Juan Puerto Rico, this 5th day of June, 2014.

Hon. Mildred Caban Flores
U.S. Bankruptcy Court

6